UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ADAM DEAN LAHAM,

Plaintiff,

v.

Case No. 26-1105-HLT-BGS

CITY OF MAIZE, et al.,

Defendants.

MEMORANDUM & ORDER GRANTING
MOTION TO PROCEED WITHOUT PREPAYMENT OF FEES and
DENYING REQUEST FOR COUNSEL

In conjunction with his complaint, Plaintiff Adam Laham filed a Motion for Leave to Proceed Without Prepayment of Fees along with a supporting financial affidavit and a Motion for Appointment of Counsel. *See* Docs. 3, 3-1, 4. For the reasons explained below, Plaintiff's *in forma pauperis* ("IFP") application (Doc. 3) is **GRANTED** while his request for counsel (Doc. 4) is **DENIED**.

I.      **Motion to Proceed IFP.**

Under 28 U.S.C. § 1915(a), a federal court may authorize commencement of a civil action "without prepayment of fees or security therefor, by a person who submits an affidavit that . . . the person is unable to pay such fees or give security therefor." To succeed on an IFP motion, "the movant must show a financial inability to pay the required filing fees." *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005). Proceeding IFP "in a civil case is a privilege, not a right – fundamental or otherwise." *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998). The decision to grant or deny IFP status under § 1915 lies within the district court's sound discretion. *Engberg v. Wyoming*, 265 F.3d 1109, 1122 (10th Cir. 2001).

1

Based on the financial information provided by Plaintiff, the Court finds that he has shown an inability to pay the filing fee.  Thus, the Court **grants** Plaintiff's motion to proceed without prepayment of fees.  Because of the Court's contemporaneously filed Report & Recommendation of dismissal to the District Court, the undersigned Magistrate Judge directs that the Clerk shall <u>not</u> issue summons for service upon the Defendants at this time.

## II.    Request for Counsel.

There is no constitutional right to appointed counsel in civil cases.  *Beaudry v. Corr. Corp. of Am.*, 331 F.3d 1164, 1169 (10th Cir. 2003).  Under 28 U.S.C. § 1915(e)(1), however, the Court has discretion to request an attorney to represent an indigent party.  *See Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006).  The decision whether to appoint counsel is left to the Court's sound discretion.  *See Lyons v. Kyner*, 367 F. App'x 878, 883 n.9 (10th Cir. 2010).

In exercising that discretion, the Court considers several factors, including: (1) the merits of the party's claims; (2) the nature and complexity of the factual and legal issues; and (3) the party's ability to investigate the facts and present the claims without counsel.  *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004).  The Court also considers the party's ability to afford counsel and whether the party has made a diligent effort to retain an attorney.  *See Hasenbank v. Gronniger*, No. 20-4082-JTM-ADM, 2020 WL 8482984, at *1 (D. Kan. Dec. 21, 2020).

The fact that counsel might assist a litigant in presenting the strongest possible case does not, standing alone, justify appointment.  *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006).  The Court is also mindful that § 1915(e)(1) does not provide for compensation of appointed counsel, and the pool of volunteer attorneys is limited.  *Hasenbank*, 2020 WL 8482984, at *1.  Accordingly, the Court must exercise its appointment power thoughtfully so that scarce resources are reserved for appropriate cases.  *See Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1421 (10th Cir. 1992).

As to Plaintiff's ability to retain counsel, the Court has already granted Plaintiff leave to proceed in forma pauperis. The financial affidavit submitted in support of that motion indicates that Plaintiff lacks the resources to hire private counsel. Plaintiff has therefore satisfied this threshold requirement. The diligence requirement, however, independently supports denial of the motion. A party seeking appointment of counsel must show that he "made a reasonably diligent effort under the circumstances to obtain an attorney." *Martinez v. Pickering*, No. 22-4027-JWB-RES, 2022 WL 1604616, at *2 (D. Kan. May 20, 2022). In this District, that generally requires conferring with at least five attorneys, not merely contacting them. *Williams v. Long*, No. 21-1141-HLT-GEB, 2021 WL 4439445, at *2 (D. Kan. Sept. 28, 2021).

Here, Plaintiff identifies only three attorneys or firms he contacted regarding representation. Doc. 4, at 2. He does not provide dates of contact, describe any follow-up efforts, or indicate that he conferred with the attorneys about the substance of his claims. Under these circumstances, Plaintiff has not demonstrated a reasonably diligent effort to obtain counsel. *See Martinez*, 2022 WL 1604616, at *3. Accordingly, this deficiency is sufficient to deny the motion. The Court will nonetheless briefly address the remaining factors.

The remaining factors also do not support appointment of counsel. The Court has reviewed Plaintiff's filings and finds that Plaintiff has not demonstrated an inability to investigate the facts or present his claims without the assistance of counsel, particularly given the liberal construction afforded to pro se pleadings. The Court also does not find that the factual or legal issues presented are unusually complex. Based on the allegations currently before the Court, the claims appear to involve straightforward issues that do not require specialized legal training to develop or present. Nor does the case appear to present novel or atypical legal questions that would warrant the appointment of counsel at this juncture.

Finally, with respect to the merits, the burden is on Plaintiff to demonstrate that his claims are sufficiently meritorious to warrant the appointment of counsel. *Hill*, 393 F.3d at 1115. Plaintiff has not made such a showing. To the contrary, in a separate order, the undersigned has recommended dismissal of Plaintiff's complaint for lack of subject-matter jurisdiction and for failure to state a claim. This weighs strongly against the appointment of counsel.

In sum, even setting aside the deficiency in Plaintiff's efforts to obtain counsel, the remaining factors do not support appointment. The Court therefore concludes that this is not a case in which the interests of justice require the appointment of counsel at this time.

**IT IS THEREFORE ORDERED** that Plaintiff's *IFP* Application (Doc. 3) is **GRANTED**. Pursuant to 28 U.S.C. § 1915(a)(1), Plaintiff may commence this action without prepayment of fees.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of Counsel (Doc. 4) is **DENIED**.

**IT IS FURTHER ORDERED** that, because of the Court's contemporaneously filed Report & Recommendation of Dismissal, the Clerk shall <u>not</u> issue summons for service upon the Defendants at this time.

**IT IS SO ORDERED**.

Dated May 12, 2026, at Wichita, Kansas.

/S/ BROOKS SEVERSON
Brooks G. Severson
United States Magistrate Judge

4